**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON**

CIVIL ACTION NO. 22-CV-_____

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

V.              **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

**REAL PROPERTY KNOWN AS 403 TENNESSEE
AVENUE, PINEVILLE, BELL COUNTY,
KENTUCKY, WITH ALL APPURTENANCES
AND IMPROVEMENTS THEREON, IN THE
NAME OF OLD HOUSE HOLDINGS, LLC**                                                              DEFENDANT

\* \* \* \* \*

The Plaintiff, United States of America, hereby brings this complaint and alleges as follows in accordance with 18 U.S.C. §§ 983 and 985 and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**NATURE OF THE ACTION**

1.      This is a civil action in rem brought pursuant to:

    a.      18 U.S.C. § 981(a)(1)(A) for the forfeiture of property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 (money laundering), or any property traceable to such property; and

    b.      18 U.S.C. § 981(a)(1)(C) for the forfeiture of property constituting or derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud) and/or 18 U.S.C. § 1349 (conspiracy to commit wire fraud, each of which constitutes a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(A).

## THE DEFENDANT IN REM

2. The Defendant, real property known as 403 Tennessee Avenue, Pineville, Bell County, Kentucky, is more fully described as follows:

> PARCEL I: Lots Numbers Twenty-seven (27) and Twenty-eight (28) in Block Number Twenty (20) of the Pine Mountain Iron and Coal Company's Addition to Pineville, Bell County, Kentucky, which lots are situated fronting fifty (50) feet on the North side of Tennessee Avenue, extending back between parallel lines of said fifty feet width to alley.
>
> PARCEL II: Lots Thirty-one (31) and Thirty-two (32) in Block Twenty (20) of the Pine Mountain Iron and Coal Company's Addition to the City of Pineville, Kentucky, according to map and plat thereof on file and of record in the Bell County Court Clerk's Office.
>
> PARCEL III: Lots No. Twenty-nine (29) and Thirty (30) in Block No. Twenty (20) of the Pine Mountain Iron and Coal Company's Addition to Pineville, Kentucky, as shown on the plat of said city on file in the Bell County Court Clerk's Office.
>
> Being the same property conveyed to Old House Holdings, LLC, by deed from Jean Cornn, by and through her attorney-in-fact and court-appointed Conservator Janet Bogle, and recorded on July 9, 2018, in Deed Book 378, page 725, in the Bell County Clerk's Office, Pineville, Kentucky.

3. The Defendant real property will be posted by the United States Marshals Service, giving notice of this action and providing the Court with in rem jurisdiction over the property pursuant to 18 U.S.C. § 985(c).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a).

5. This Court has in rem jurisdiction over the Defendant property pursuant to 28 U.S.C. § 1355(b). Pursuant to 18 U.S.C. § 985(c)(3) and Rule G(3)(a) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, no arrest warrant in rem needs to be issued after the filing of a civil complaint against real property if the property is posted.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395(a), because the conduct giving rise to this action took place in this district and because the Defendant real property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant real property is subject to forfeiture to the United States because it:

   a. is property involved in a transaction or attempted transaction in a violation of 18 U.S.C. § 1956, or traceable to such property, which is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A); and

   b. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1343 and/or 1349, which is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

8. The facts and circumstances supporting the forfeiture of the Defendant property are set forth in the Affidavit of Special Agent Chris Hubbuch, which is attached hereto and incorporated herein by reference.[1] This Complaint is verified by the Declaration of Special Agent Chris Hubbuch, which also is attached hereto.

---

[1] The United States is filing with this complaint a redacted version of the Affidavit and contemporaneously filing an ex parte motion to file under seal the unredacted version thereof for the reasons set forth therein.

WHEREFORE, the United States respectfully requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interest in the Defendant property; that the Defendant property be forfeited and condemned to the United States; and that the United States be granted such other relief as this Court deems proper and just, including but not limited to the United States' costs and disbursements in this action.

                              CARLTON S. SHIER, IV
                              UNITED STATES ATTORNEY

By:    s/ Haley Trogdlen McCauley
         Assistant United States Attorney
         260 West Vine Street, Suite 300
         Lexington, Kentucky 40507
         Phone: (859) 685-4831
         Fax: (859) 233-2533
         E-mail: Haley.McCauley@usdoj.gov